UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VANESSA MACKLIN, <br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, Commissioner of <br> the Social Security Administration, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 1:09-cv-00130-LJM-TAB |

## ORDER ON PLAINTIFF'S PETITION FOR ATTORNEY FEES

This matter comes before the Court on plaintiff's, Vanessa Macklin ("Macklin"), Application for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,558.61. Dkt. No. 24.

On April 11, 2008, the Commissioner of the Social Security Administration, Michael J. Astrue ("Commissioner"), through an Administrative Law Judge ("ALJ"), found that Macklin was not disabled and, therefore, not entitled to Social Security disability insurance benefits. R. at 11-24. The Appeals Council denied Macklin's request for review. R. at 4. On February 6, 2009, Macklin commenced this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner. Dkt. No. 1. On March 30, 2010, the Court entered final judgment in favor of Macklin and remanded the case for further administrative proceedings. Dkt. No. 23. On June 14, 2010, Macklin filed this timely application for Attorney Fees. Dkt. No. 24.

Pursuant to the EAJA, a successful litigant against the federal government is entitled to recover her attorney fees if: (1) she was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no "special

circumstances" that would make an award unjust; and (4) she filed a timely application. 28 U.S.C. §§ 2412(d)(1)(A), (B). It is undisputed that Macklin was the prevailing party and that she filed a timely application. In addition, the Commissioner has not argued that an award would be unjust because of special circumstances.

The sole issue to be decided, then, is whether the Commissioner's position is substantially justified. The Commissioner has the burden of proving substantial justification, and both the Commissioner's pre-litigation and litigation positions must be substantially justified to avoid an award of attorney fees. *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2006). "The ALJ's decision is considered part of the Commissioner's pre-litigation conduct." *Cunningham*, 440 F.3d at 863-64. "In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988); *Cunningham,* 440 F.3d at 864.

On review of the Commisisoner's decision denying Macklin Supplemental Security Income, Macklin pointed out that the ALJ failed to consider competent medical evidence in the record. Contrarily, the Commissioner asserted that the ALJ "thoroughly discussed the relevant evidence of record" and reasonably determined that Macklin's impairments did not meet or equal Listings 12.04 and 12.06. Dkt. No. 20 at 9. This Court agreed with Macklin that the ALJ failed to consider competent medical evidence in the record. Based on this conclusion, Macklin argues that the Commissioner's pre-litigation and litigation positions were not substantially justified

The Seventh Circuit's decisions in *Cunningham* and *Golembiewski* illustrate when

2

the Commissioner's position is, or is not, substantially justified. In *Cunningham*, the Commissioner's position was substantially justified where the ALJ merely failed to carefully explain his reasoning. 440 F.3d at 865. By contrast, in *Golembiewski* the Commissioner's position was not substantially justified where the ALJ mischaracterized and ignored significant medical evidence, violated longstanding judicial precedent and the Commissioner's own regulations, and failed to address credibility. 382 F.3d at 724. The errors committed by the ALJ in this case are analogous to those described in *Golembiewski* as opposed to *Cunningham*. *See Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998) ("The [ALJ's] failure . . . to mention the competent medical evidence that went contrary to [the non-examining consultant's] opinion made the . . . explanation for his decision to deny benefits unacceptable.").

Here, as in *Golembiewski*, the ALJ unreasonably violated longstanding judicial precedent and the Commissioner's own regulations. It is well settled that the ALJ may not "select and discuss only that evidence that favors his ultimate conclusion." *Herron v. Shalala,* 19 F.3d 329, 333 (7th Cir. 1994). Rather, the ALJ's decision must be "based on consideration of all relevant evidence and the reasons for his conclusions must be stated in a manner sufficient to permit an informed review." *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984). Despite this longstanding requirement, the ALJ failed to consider all objective medical evidence and, without explanation, relied exclusively on Dr. Leiphart's psychological evaluation of Macklin without regard for the evidence from Macklin's treating physicians.

In addition, the ALJ unreasonably mischaracterized Macklin's testimony regarding her depression. Macklin testified that she was unusually depressed and that she was

3

"more stressed and depressed than what [she] felt [she was]." R. at 36. However, in his opinion the ALJ wrote that "she apparently was not as depressed as she thought she was." R. at 21. This inexplicable mischaracterization of Macklin's testimony, at least in part, formed the basis of the ALJ's decision that she is "simply posturing for disability." *Id*.

Based on the above, both the Commissioner's pre-litigation and litigation positions did not have reasonable factual or legal bases. The ALJ's findings ignored or glossed over competent medical evidence in the record despite longstanding judicial precedent and the Commissioner's own regulations. The ALJ also mischaracterized Macklin's testimony. Accordingly, the Commissioner's pre-litigation position was not substantially justified. *Cunningham*, 440 F.3d at 863-64. On review of the ALJ's decision, the Commissioner argued that the ALJ "thoroughly discussed the relevant evidence of record." Dkt. No. 20 at 9. As stated above, this was unquestionably false. Therefore, the Commissioner's litigation position was also not substantially justified.

Accordingly, Macklin's attorney is hereby awarded attorney's fees under the EAJA in the amount of $5,558.61.

IT IS SO ORDERED this 8th day of October, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
mulvany@one.net